IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:17-cv-00729

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

WAYNE L. DUNN, and
JEFFERSON COUNTY, COLORADO

    Defendants.

## UNITED STATES' COMPLAINT

The United States of America, through its undersigned counsel, files this Complaint and alleges as follows:

### INTRODUCTION

1. This is a civil action timely brought by the United States to reduce to judgment certain outstanding federal tax liabilities assessed against Defendant Wayne L. Dunn and to foreclose related federal tax liens on real property located in Jefferson County, Colorado.

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because it is the district where the liability for the taxes at issue accrued and where the property that is the subject of the action is situated.

## IDENTIFICATION OF DEFENDANTS

5. Defendant-taxpayer Wayne L. Dunn is an adult individual residing within this judicial district. Mr. Dunn is named as a defendant in this action because he has unpaid federal tax liabilities and because he has an interest in the real property at issue in this case.

6. Defendant Jefferson County, Colorado is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

## TAX LIABILITIES AND LIENS

7. Defendant Wayne Dunn failed to file federal income tax returns for the 2003 through 2012 tax years. The IRS conducted an audit and issued a statutory notice of deficiency for each of those years. After Mr. Dunn failed to timely petition the United States Tax Court to challenge the notice of deficiency, a delegate of the Secretary of the Treasury made timely assessments against Mr. Dunn for unpaid federal income taxes, penalties, and interest for the 2003 through 2012 tax years as follows:

| Tax Year | Assessment Date | Amount Assessed | | Unpaid Balance Plus Accruals as of 3/21/2017 |
|---|---|---|---|---|
| 2003 | 3/26/2007 | $ 5,946.00 | (Tax) | |
| | 3/26/2007 | 1,070.28 | (Failure to Pay Tax Penalty) | |
| | 3/26/2007 | 1,337.85 | (Late Filing Penalty) | |
| | 3/26/2007 | 153.41 | (Estimated Tax Penalty) | |
| | 3/26/2007 | 1,495.25 | (Interest) | |
| | 10/6/2008 | 416.22 | (Failure to Pay Tax Penalty) | |
| | 5/4/2015 | 4,145.00 | (Interest) | **$ 15,651.36** |
| | | | | |
| 2004 | 5/18/2009 | $ 7,831.00 | (Tax) | |
| | 5/18/2009 | 3,072.33 | (Interest) | |
| | 5/18/2009 | 1,957.75 | (Failure to Pay Tax Penalty) | |
| | 5/18/2009 | 1,761.97 | (Late Filing Penalty) | |
| | 5/18/2009 | 224.38 | (Estimated Tax Penalty) | |
| | 5/4/2016 | 3,288.59 | (Interest) | **$ 19,375.03** |
| | | | | |
| 2005 | 5/18/2009 | $ 5,932.00 | (Tax) | |
| | 5/18/2009 | 1,720.01 | (Interest) | |
| | 5/18/2009 | 1,127.08 | (Failure to Pay Tax Penalty) | |
| | 5/18/2009 | 1,334.70 | (Late Filing Penalty) | |
| | 5/18/2009 | 237.91 | (Estimated Tax Penalty) | |
| | 5/3/2010 | 355.92 | (Failure to Pay Tax Penalty) | |
| | 5/4/2015 | 2,355.29 | (Interest) | **$ 13,955.34** |
| | | | | |
| 2006 | 5/18/2009 | $ 2,926.00 | (Tax) | |
| | 5/18/2009 | 516.16 | (Interest) | |
| | 5/18/2009 | 380.38 | (Failure to Pay Tax Penalty) | |
| | 5/18/2009 | 658.35 | (Late Filing Penalty) | |
| | 5/18/2009 | 138.44 | (Estimated Tax Penalty) | |
| | 5/3/2010 | 307.23 | (Failure to Pay Tax Penalty) | |
| | 5/2/2011 | 43.89 | (Failure to Pay Tax Penalty) | |
| | 5/4/2015 | 1,082.87 | (Interest) | **$ 6,466.86** |

\\

\\

| Tax Year | Assessment Date | Amount Assessed | | Unpaid Balance Plus Accruals as of 3/21/2017 |
|---|---|---|---|---|
| 2007 | 10/24/2011 | $ 4,076.00 | (Tax) | |
| | 10/24/2011 | 819.61 | (Interest) | |
| | 10/24/2011 | 876.34 | (Failure to Pay Tax Penalty) | |
| | 10/24/2011 | 917.10 | (Late Filing Penalty) | |
| | 10/24/2011 | 185.50 | (Estimated Tax Penalty) | |
| | 5/6/2013 | 142.66 | (Failure to Pay Tax Penalty) | |
| | 5/4/2015 | 775.82 | (Interest) | $ 8,325.44 |
| | | | | |
| 2008 | 10/24/2011 | $ 5,394.00 | (Tax) | |
| | 10/24/2011 | 679.71 | (Interest) | |
| | 10/24/2011 | 836.07 | (Failure to Pay Tax Penalty) | |
| | 10/24/2011 | 1,213.65 | (Late Filing Penalty) | |
| | 10/24/2011 | 173.33 | (Estimated Tax Penalty) | |
| | 5/6/2013 | 512.43 | (Failure to Pay Tax Penalty) | |
| | 5/4/2015 | 957.29 | (Interest) | $ 10,433.73 |
| | | | | |
| 2009 | 10/24/2011 | $ 6,330.00 | (Tax) | |
| | 10/24/2011 | 433.13 | (Interest) | |
| | 10/24/2011 | 563.35 | (Failure to Pay Tax Penalty) | |
| | 10/24/2011 | 1,334.25 | (Late Filing Penalty) | |
| | 10/24/2011 | 141.95 | (Estimated Tax Penalty) | |
| | 5/6/2013 | 919.15 | (Failure to Pay Tax Penalty) | |
| | 5/4/2015 | 994.18 | (Interest) | $ 11,020.78 |
| | | | | |
| 2010 | 9/1/2014 | $ 20,090.00 | (Tax) | |
| | 9/1/2014 | 2,697.79 | (Interest) | |
| | 9/1/2014 | 4,036.45 | (Failure to Pay Tax Penalty) | |
| | 9/1/2014 | 4,430.25 | (Late Filing Penalty) | |
| | 9/1/2014 | 422.26 | (Estimated Tax Penalty) | |
| | 5/4/2015 | 886.05 | (Failure to Pay Tax Penalty) | |
| | 5/4/2015 | 636.18 | (Interest) | $ 35,039.74 |

\\

\\

| Tax Year | Assessment Date | Amount Assessed | Unpaid Balance Plus Accruals as of 3/21/2017 |
|---|---|---|---|
| 2011 | 3/14/2016 | $ 11,283.00  (Tax) | |
| | 3/14/2016 | 1,721.33  (Interest) | |
| | 3/14/2016 | 2,651.50  (Failure to Pay Tax Penalty) | |
| | 3/14/2016 | 2,538.68  (Late Filing Penalty) | |
| | 3/14/2016 | 223.40  (Estimated Tax Penalty) | **$ 19,342.89** |
| 2012 | 3/14/2016 | $  9,423.00  (Tax) | |
| | 3/14/2016 | 1,054.68  (Interest) | |
| | 3/14/2016 | 1,649.02  (Failure to Pay Tax Penalty) | |
| | 3/14/2016 | 2,120.18  (Late Filing Penalty) | |
| | 3/14/2016 | 168.94  (Estimated Tax Penalty) | **$ 15,714.07** |

8. Despite timely notice and demand for payment of the assessments described above, Defendant Wayne Dunn has neglected, failed, or refused to fully pay the assessments made against him.

9. Since the dates of the above-described assessments, interest, penalties, and statutory additions have accrued and will continue to accrue, as provided by law.

10. As of March 21, 2017, Mr. Dunn owed the United States $155,325.24.

11. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of the assessments and attached to all property and rights to property of Mr. Dunn.

12. In order to provide notice to third parties entitled to notice of the statutory liens, the IRS filed a Notice of Federal Tax Liens ("NFTL") with the Clerk and Recorder of Jefferson County, Colorado on June 27, 2016.

## SUBJECT PROPERTY AND ENCUMBRANCES

13. This action seeks to foreclose upon real property owned by Defendant Wayne Dunn (the "Subject Property"), which is a parcel of real property located at 15393 S. Wandcrest Drive, Pine, Colorado 80470. The Subject Property is more particularly described as follows:

> LOTS 37 AND 38, BLOCK 1, WANDREST SUBDIVISION, COUNTY OF JEFFERSON, STATE OF COLORADO

14. On August 15, 2014, Mr. Dunn acquired the subject property. The Deed was recorded with the Jefferson County Clerk and Recorder on August 27, 2014.

15. As alleged above, the United States recorded a NFTL with the Jefferson County Clerk and Recorder on June 27, 2016.

## COUNT I
### Reduce Federal Tax Assessments against Wayne Dunn to Judgment

16. The United States incorporates Paragraphs 1 through 15 by reference, as if fully set forth herein.

17. A duly-authorized delegate of the Secretary of the Treasury made timely assessments against Wayne Dunn for the 2003 through 2012 tax years on the dates and in the amounts set forth in Paragraph 7, above.

18. Despite timely notice and demand for payment of the assessments described above, Mr. Dunn has refused or neglected to fully satisfy these assessments, and the unpaid assessments remain due, together with accrued but unassessed statutory interest and other additions, in the amount of $155,325.24, as of March 21, 2017.

19. Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Mr. Dunn for the unpaid balance of the assessed amounts described in Paragraph 7, above, plus statutory interest and any other additions accruing to the date of payment.

## COUNT II
### Foreclose Federal Tax Liens on Subject Property

20. The United States incorporates Paragraphs 1 through 19 by reference, as if fully set forth herein.

21. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose on the assessment dates shown in the tables set forth in Paragraph 7, above, against all property and rights to property belonging to Defendant Wayne Dunn, including the Subject Property.

22. The United States recorded a Notice of Federal Tax Lien for the assessments described in Paragraphs 7, above, with the Jefferson County Clerk and Recorder on June 27, 2016.

23. The tax liens arising for the assessments set forth in Paragraphs 7, above, have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323.

24. The United States is entitled to foreclose its federal tax liens upon the Subject Property and receive the proceeds from the sale of the Subject Property to be applied towards satisfaction of the outstanding federal tax assessments against Wayne Dunn.

\\

\\

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgment in favor of the United States and against Defendant Wayne Dunn on the assessments described in Paragraph 7, above, in the amount of $155,325.24, plus statutory interest and other additions accruing from March 21, 2017;

B. Determine, adjudge, and decree that the liens of the United States for the assessments described in Paragraph 7, above, attached to the Subject Property and that the United States has valid and subsisting liens against the Subject Property;

C. Order that the federal tax liens of the United States be foreclosed upon the Subject Property, that the Subject Property be sold, and that the proceeds from the sale be distributed to the United States and all other creditors in their respective priorities, in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

D. Award the United States its costs and such other relief as is just and proper.

\\
\\
\\
\\
\\
\\
\\

Dated: <u>March 22, 2017</u>　　　　　　　　　　DAVID A. HUBBERT
　　　　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General


　　　　　　　　　　　　　　　　　　　　　　　*/s/ Ryan S. Watson*
　　　　　　　　　　　　　　　　　　　　　　　RYAN S. WATSON
　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 683, Ben Franklin Station
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20044-0683
　　　　　　　　　　　　　　　　　　　　　　　Tel:  202.514.5173
　　　　　　　　　　　　　　　　　　　　　　　Fax:  202.307.0054
　　　　　　　　　　　　　　　　　　　　　　　Ryan.Watson@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

　　　　　　　　　　　　　　　　　　　　　　　*Of Counsel*
　　　　　　　　　　　　　　　　　　　　　　　ROBERT TROYER
　　　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for the United States of America*